IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>    Plaintiff,<br><br>    vs.<br><br>L. CHIU, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01374 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THIS ACTION WITHOUT PREJUDICE<br><br>(Doc. 2) |

**I.    BACKGROUND**

On August 18, 2011, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed in forma pauperis. (Docs. 1 & 2.) The Court examined the application to proceed in forma pauperis and determined that Plaintiff had accrued "three strikes" pursuant to 28 U.S.C. § 1915(g) and therefore was barred from proceeding in forma pauperis unless Plaintiff was in imminent danger of serious physical injury. The Court was unable to make that determination based on Plaintiff's complaint alone. Accordingly, on August 22, 2011, the Court ordered Plaintiff to show cause why he faces imminent danger of serious injury. (Doc. 4.) Plaintiff filed a response on September 8, 2011 (Doc. 7).

**II.    SECTION 1915**

A prisoner may commence and proceed with an action in federal court without prepayment of fees pursuant to 28 U.S.C. § 1915. Section 1915, however, contains an explicit limitation. Known as

1

the "there strikes rule," § 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), a court must conduct a "careful examination of the order dismissing the action" in order to verify that, in fact, "the action was dismissed because it was "frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

### III.   DISCUSSION

Plaintiff has had at least three previous actions dismissed as frivolous or for failure to state a claim. First, in Bettis v. Paulson,[1] CV 09-1544-UA-CT (C.D. Cal.), Plaintiff's action was dismissed as frivolous on April 13, 2009. Second, in Bettis v. Blackstone, 1:08-cv-01561-AWI-GSA (E.D. Cal.), Plaintiff's action was dismissed for failure to state a claim on September 11, 2009. And third, in Taylor v. U.S. Department of State, 1:10-cv-01892-LJO-JLT (E.D. Cal.), Plaintiff's action was dismissed for failure to state a claim on November 3, 2010.

Because Plaintiff has accumulated "three strikes" against him, he may only proceed in forma pauperis under § 1915 if he was under imminent danger of serious physical injury at the time he brought his action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The Court is convinced that he was not. In his complaint, Plaintiff presents one deliberate indifference claim, six retaliation claims, one access to the courts claim, and one failure to protect claim. The deliberate indifference claim and five of the six retaliation claims pertain to incidents that occurred at California State Prison, Los Angeles in Lancaster, California. (Doc. 1 at 3-15.) There is no indication that these events pose any danger, let alone imminent danger, to Plaintiff who is currently confined at California Correctional Institution in Tehachapi, California. (Id. at 1.)

The remaining three claims do involve events that occurred at Plaintiff's current institution of incarceration. Of those three, the only claim that *arguably* demonstrates that Plaintiff is in any kind of danger is his failure to protect claim. However, upon review of Plaintiff's response to the Court's order

---

[1] Plaintiff also goes by the name Kirell Francis Bettis.

2

to show cause, the Court is convinced that this claim also falls well short of demonstrating "*imminent danger of serious physical injury.*" 28 U.S.C. § 1915(g) (emphasis added).

Plaintiff alleges that other inmates seek to harm him due to an incident "around children" that occurred at Kern Valley State Prison in 2008. (Doc. 1 at 19.) However, Plaintiff does not explain the nature of this incident, nor does he provide facts regarding any concrete threat against him due to this incident. What Plaintiff does explain is the fact that he is currently housed in the Security Housing Unit due to his fears of being attacked. (Doc. 7 at 3.) Plaintiff also indicates that he will remain there until at least May 15, 2012. (Id. at 3.) From this alone, the Court is able to conclude that Plaintiff does *not* face an imminent danger of harm from other inmates; even assuming other inmates have threatened to attack Plaintiff, prison officials have evidently taken steps to reduce that threat by isolating Plaintiff in the Security Housing Unit. Moreover, Plaintiff will remain protected there for what appears to be the foreseeable future.

Plaintiff also alleges that prison officials are conspiring to "kill" him because he filed a "felony and misdemeanor complaint for a warrant of arrest" against several of them. (Doc. 7 at 4.) The Court finds these naked allegations to be entirely incredible. Beyond offering the Court a copy of the "warrant of arrest," which was filed against more than forty-nine defendants in the Los Angeles County Superior Court, Plaintiff has provided no concrete facts showing that prison officials are attempting to "kill" or otherwise harm him.

In sum, Plaintiff has accumulated "three strikes" under § 1915(g) and has not demonstrated that he was in imminent danger of serious physical injury at the time he brought this action. Accordingly, Plaintiff is barred from proceeding in forma pauperis. See 28 U.S.C. § 1915(g). Moreover, because Plaintiff has not paid the filing fee for this action, his case must be dismissed. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

**IV. CONCLUSION**

For the reasons set forth above, it is **HEREBY ORDERED** that:

1. Plaintiff's August 18, 2011 application to proceed in forma pauperis (Doc. 2) is **DENIED**;

2. This action is **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee for this action; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    October 6, 2011

<u>                                         </u>
CHIEF UNITED STATES DISTRICT JUDGE