IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR, | Case No. 1:11-cv-01374 AWI JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 10) |
| L. CHIU, et al., | |
| Defendants. | |

**I.     Plaintiff's Motion for Reconsideration**

   A.     Procedural History

Plaintiff Kirell Taylor, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on August 8, 2011. (Doc 1.) After review of Plaintiff's application to proceed in forma pauperis, the Court determined that Plaintiff had accrued "three strikes" pursuant to 29 U.S.C. 1 1915(g), however the Court could not assess whether Plaintiff was in imminent danger of serious physical injury based on the complaint alone. Accordingly, on August 22, 2011, the Court ordered Plaintiff to show cause why he faced imminent danger of serious injury. (Doc. 4.) Plaintiff filed his response on September 8, 2011. (Doc. 7.)

Following a review of Plaintiff's response, the Court determined that Plaintiff had failed to demonstrate that he was in imminent danger. Based on this determination, the Court denied Plaintiff's application to proceed in forma pauperis and dismissed the action without prejudice for Plaintiff's failure

1

to pay the filing fee for the action. (Doc. 8.) On November 18, 2011, Plaintiff filed the instant motion for reconsideration. (Doc. 10.)

### B. Standards for Reconsideration

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). See also Local Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances are claimed to exist which did not exist at the time of the prior motion).

### C. Analysis

Of the cases the Court previously determined were "strikes" or actions dismissed as frivolous or for failure to state a claim, the Court cited: (1) Bettis v. Paulson, CV 09-1544-UA-CT (C.D. Cal.) ("Paulson"); (2) Bettis v. Blackstone, 1:08-cv-01561-AWI-GSA (E.D. Cal.) ("Blackstone"); and (3) Taylor v. U.S. Department of State, 1:10-cv1892-LJO-JLT (E.D. Cal.) ("Taylor").

Plaintiff's contends the Court erred in dismissing the action and that he is in entitled to in forma pauperis status because he had not accumulated "three strikes" as of the time he filed his action. (Doc. 10 at 2.) More specifically, Plaintiff asserts that Taylor, cannot constitute a "strike" under 28 U.S.C. § 1915(g), as the case is currently pending appeal and active. (Id. at 2.) Additionally, Plaintiff appears to also argue that both Paulson and Blackstone were similarly cases where his appeals had not been exhausted or waived. (Id. at 2.)

The Court has reviewed the order entered October 6, 2011, in the instant matter (Doc. 8), and discovered that both a change in law and a change in the status of Plaintiff's action in Taylor, affects the

1  Court's previous determination that <u>Taylor</u> constituted a "strike." In its October 6, 2011 order, the Court
2  noted that <u>Taylor</u> was dismissed for failure to state a claim on November 3, 2010. (Doc. 8.) On January
3  20, 2011, the Ninth Circuit had dismissed the appeal in <u>Taylor</u> without prejudice for Plaintiff's failure
4  to pay the required filing fee. <u>Taylor</u>, 1:10-cv1892-LJO-JLT, at Doc. 12. As noted above, because
5  Plaintiff filed his action on August 18, 2011, it appeared that <u>Taylor</u> would have appropriately counted
6  as a "strike."

7  However, two events have occurred subsequent to the Court's issuance of its October 6, 2011
8  order which modify this determination. First, on June 7, 2011, the Ninth Circuit granted Plaintiff's
9  motion to reinstate his appeal in <u>Taylor</u> and on August 1, 2011, Plaintiff paid the required fee for the
10 appeal, leaving <u>Taylor</u> unresolved. See <u>Taylor</u>, 1:10-cv1892-LJO-JLT, at Doc. 14 & 16. Second, on
11 September 26, 2011, the Ninth Circuit issued its decision in <u>Silva v. Di Vittorio</u>, ––– F.3d ––––, 2011
12 WL 4436248, at *6, (9thCir.2011), holding that a district court strike was not final until the appeal of
13 the action had been resolved. Because the appeal of <u>Taylor</u> was still pending at the time the instant
14 matter was brought in August of 2011, it is now clear, that the trial court's dismissal in <u>Taylor</u> cannot
15 constitute a "strike" under 28 U.S.C. § 1915(g) for purposes of this action. <u>Silva</u>, 2011 WL 4436248
16 at *6.

17 However, Plaintiff's assertions are incorrect as to both <u>Paulson</u> and <u>Blackstone</u> as both of these
18 actions were final at the time Plaintiff filed his complaint. Both of these cases were dismissed in 2009
19 and no appeal was taken in either. Addition, there exists other cases filed by Plaintiff that were
20 dismissed as frivolous. Notably, these cases include <u>Bettis v. Tillie-Moore</u>, CV 09-788-CT (C.D. Cal.)
21 ("<u>Tillie-Moore</u>") which was dismissed as frivolous on February 11, 2009, before Plaintiff filed the
22 instant matter. Plaintiff did not file an appeal in <u>Tillie-Moore</u>. Thus, regardless of the Court's previous
23 determination regarding <u>Taylor</u>, it is still correct that Plaintiff has at least three previous actions
24 dismissed as frivolous or for failure to state a claim, constituting valid "strikes."

25 Accordingly, Plaintiff arguments regarding the determination of his strikes lacks merit and his
26 motion for reconsideration will be DENIED.
27 //
28

3

**II.     CONCLUSION**

For the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's November 18, 2011 motion for reconsideration (Doc. 10), is denied.

IT IS SO ORDERED.

Dated:    February 4, 2012

CHIEF UNITED STATES DISTRICT JUDGE